IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENIBER G.L., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 25-CV-0537-GKF-MTS |
| ) | |
| CORECIVIC CIMARRON ) | |
| CORRECTIONAL FACILITY, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER TRANSFERRING CASE**

Petitioner Keniber G.L., a native and citizen of Guatemala, presently is detained by federal authorities at the Cimarron Correctional Facility, in Cushing, Oklahoma. Dkt. 1 at 1; Dkt. 1-1 (Exs. B, E). Appearing pro se, Mr. G.L. filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking his immediate release from custody so he can pursue pending applications for immigration relief. Dkt. 1 at 7. He names as respondents in this action the CoreCivic Cimarron Correctional Facility and the United States Department of Homeland Security. *Id.* at 1.

Venue is not appropriate in this judicial district because the Cimarron Correctional Facility is in Cushing, Oklahoma, which is in Payne County. And Payne County is not within this judicial district. *See* 28 U.S.C. § 116(c) (identifying Payne County as county within the Western District of Oklahoma). Generally, a person seeking immediate release from an allegedly unlawful confinement must file a § 2241 petition in the judicial district where that person is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447, 449-50 (2004) (reaffirming "the longstanding rule" that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"); 28 U.S.C. § 2241(a) (authorizing district courts to grant writs of habeas corpus

"within their respective jurisdictions"). This district-of-confinement rule applies to both prisoners and immigration detainees who are held in federal custody. *See, e.g., United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."); *Baquera v. Longshore*, 948 F. Supp. 2d 1258, 1259 (D. Colo. 2013) (applying district-of-confinement rule in § 2241 habeas action filed by immigrant detainee). On the facts alleged in the petition, the Court finds it is in the interest of justice to transfer this case to the United States District Court for the Western District of Oklahoma for all further proceedings. *See* 28 U.S.C. § 1404(a) (permitting district courts to transfer action to appropriate venue if it is "in the interest of justice").

Further, the Court notes that the supporting exhibits attached to the petition were filed under seal. Dkt. 1-1. The Court thus directs the Clerk of Court to send the sealed exhibits (Dkt. 1-1) to the United States District Court for the Western District by any acceptable secured method for delivering sealed documents.

**IT IS THEREFORE ORDERED** that this case is **transferred** to the United States District Court for the Western District of Oklahoma for all further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send the sealed exhibits (Dkt. 1-1) to the United States District Court for the Western District by any acceptable secured method for delivering sealed documents.

**DATED** this 7th day of October, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE